Falcon Mgmt. Co. v. Bombardier, No. S0475-10 CnC (Toor, J., Jan. 27, 2011)

[The text of this Vermont trial court opinion is unofficial. It has been reformatted from the original. The accuracy of the text and the accompanying data included in the Vermont trial court opinion database is not guaranteed.]

VERMONT SUPERIOR COURT
CHITTENDEN UNIT
CIVIL DIVISION

| | |
|---|---|
| FALCON MANAGEMENT CO.<br>  Plaintiff<br><br>  v.<br><br>MICHELLE BOMBARDIER and<br>TIMOTHY LAMORE<br>  Defendants | Docket No. S0475-10 CnC |

RULING ON MOTIONS TO SET ASIDE JUDGMENT, TO STAY, AND TO ISSUE
AN ALIAS WRIT OF POSSESSION

This is a landlord-tenant action. A hearing on the above-listed motions was held on January 24, 2011. Plaintiff was represented by Barry Peterson, Esq.; Defendant represented herself.

Findings of Fact

The court finds the following facts established by a preponderance of the evidence. Sometime in 2009, Falcon sued Ms. Bombardier for eviction from the mobile home lot she rents from Falcon, and for past due rent. Bombardier failed to file an answer with the court, and Falcon therefore got a default judgment against her for past due rent and a writ of possession allowing Falcon to evict her. However, Falcon did not execute on the writ and instead negotiated with Bombardier to allow her to stay in the residence.

In April 2010, Falcon again filed for eviction based upon past due rent. Again, Bombardier did not file an answer and instead negotiated with Falcon. Falcon again obtained a default judgment against Bombardier and a writ of possession was issued on July 16, 2010. The judgment and the writ were both served on Bombardier on July 22,

2010. However, Falcon did not pursue possession, and instead agreed to allow Bombardier to stay with a payment plan to get caught up on her rent.

In November of 2010, Bombardier filed a motion to vacate the judgment and to stay the execution of the writ of possession, apparently because Falcon had told her they were now going to enforce the writ. In response, Falcon filed a motion for an alias (that is, a re-issued) writ of possession.

Bombardier disputes the figures with regard to what Falcon claims she owes. She agrees she owes the judgment amounts from 2009 and 2010, but disagrees with Falcon's calculations as to what she owes currently. Aside from challenging their figures, she argues that they are unfairly charging her for their attorney's time since the date of judgment.

Conclusions of Law

The court finds that there is no basis for reopening the judgment under Rule 60(b). Although Bombardier may well have been misled by the pattern of non-enforcement of court orders by Falcon, she admits that she owes the amount stated in the judgment and asserts no defense to the claims that led to the judgment. Thus, with regard to the money judgment, she was not prejudiced by any misunderstanding about the need to file an answer, and there is no point in reopening the case merely to reissue the same money judgment.

With respect to the landlord's request to issue a new writ of possession, however, the court finds that it would not be equitable to do so. As Falcon concedes, writs expire in sixty days. See V.R.C.P. 69. Plaintiff concedes that there is no Vermont law regarding issuance of renewed writs. The court thus concludes that whether to do so is entirely

2

discretionary. Here, although apparently with good intentions, the landlord by its actions in both the former eviction case and in this case led Bombardier to believe that the writ really did not mean anything because they let her stay even after the sheriff served her with the writ. Moreover, to allow the landlord, rather than the court, to determine when a writ should be executed upon – without a court-approved stipulation to delay execution – is contrary to the way the court system is designed to work. Under Falcon's view of the world, the landlord could come back to court years down the road and say "she stopped paying rent under our side agreement, so we want the writ now." This is unfair and not the way the eviction process is designed to work. The proper course of action in such a situation is to start a new eviction proceeding.

One of the reasons allowing a landlord to delay execution on a writ based upon an out-of-court agreement is unfair is because of the possibility of disputes between the parties over what is due, without a proper forum in which to have those disputes settled by the court. This is exactly what happened here. There are clear disputes in this case between the parties over what amount is actually owed since the time the July 2010 judgment was issued. Bombardier says Falcon is trying to charge her attorney's fees beyond those included in the court judgment. While a party may perhaps be able to contract for such fees, that is certainly not the normal interpretation of attorney's fees provisions in leases. The usual meaning is that if the landlord goes to court and wins, it is entitled to have a *court* add reasonable attorney's fees to the judgment. It does *not* mean the landlord can unilaterally add attorney's fees into monies owed by the tenant. The court finds that the lease provision on which Plaintiff relies here merely provides for the

usual fee award by the court. *See* Exhibit A. Thus, at least $490 of the amounts Plaintiff claims are overdue were not properly charged to Bombardier.

In addition, there are disputes over what amounts are due for actual rent. It was undisputed by landlord that it had made two totally different demands as to what was due as of December 2010 – one letter said $2,092.38 was due as of December 15, yet Falcon claimed at the hearing that over $4,000 was due as of December. The court did not find landlord's figures to be at all reliable.

Because the issue of what rent may or may not be overdue at this time is not before the court, the court makes no attempt today to determine what the correct figures are. That is an issue for any future eviction action that Falcon chooses to bring. The court strongly suggests that the parties sit down and attempt to agree on what is currently due. If they cannot do so, and a new eviction case is filed, the court trusts that Bombardier will attend any rent escrow hearing in court and will file a written answer to the complaint.

<u>Order</u>

The motion to vacate the default judgment is denied. The motion to stay the execution of the writ of possession is moot, as the court denies the motion to issue a new writ of possession. Thus, Bombardier owes the judgment amount but cannot be evicted based upon that judgment.

Dated at Burlington this 27th day of January, 2011.

_____
Helen M. Toor
Superior Court Judge

4